Filed 12/12/13  P. v. Elias CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

PABLO ELIAS,

    Defendant and Appellant.

E057283

(Super.Ct.No. INF10002384)

OPINION

APPEAL from the Superior Court of Riverside County.  Charles Everett Stafford, Jr., Judge.  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Pablo Elias of continuous sexual abuse of Jane Doe #1 and Jane Doe #2, two of his nieces who were under the age of 14 (Pen. Code,[1] § 288.5, subd. (a); counts 1 [Jane Doe #1] & 4 [Jane Doe #2]), one count of rape of Jane Doe #1 by force, fear, or threats (§ 261, subd. (a)(2); count 2), one count of sodomy of Jane Doe #1 by force, threats, or fear (§ 286, subd. (c)(2); count 3), and one count of aggravated sexual assault of a child under the age of 14 (§ 269, subd. (a)(5); count 5). The jury also rendered true findings with respect to counts 1 and 4 that defendant continuously sexually abused both victims at the same time and in the same course of conduct (§ 1203.066, subd. (a)(7)), and that defendant was convicted of more than one sex offense against multiple victims (§ 667.61, subd. (e)(4)).[2] The trial court sentenced defendant to state prison for a determinate sentence of 32 years plus an indeterminate sentence of 30 years to life, and stayed imposition of a 15-year sentence on count 3 pursuant to section 654. Finally, the court ordered defendant to register as a sex offender upon his release from prison.

In this appeal, defendant contends the record lacks substantial evidence to support his convictions under counts 2 and 3 of raping and sodomizing Jane Doe #1 by means of

---

[1] All further statutory references are to the Penal Code.

[2] The record erroneously indicates that the jury made its multiple victim finding pursuant to section 667.61, subdivision (e)(5), but on the date of its finding the correct provision was contained in section 667.61, subdivision (e)(4). (Stats. 2010, ch. 219, § 16, eff. Sept. 9, 2010.)

duress or fear of immediate bodily injury. We conclude otherwise and therefore we affirm the judgment.

## STATEMENT OF FACTS

Defendant started sexually abusing his niece Jane Doe #1 when she was about 5 years old. On a continuous basis over a number of years, defendant entered the bedroom where Jane Doe #1 and her siblings were sleeping and removed Jane Doe #1's clothing while she slept, touched her breasts, rubbed her vagina, and forced her to touch his penis. As defendant did this, Jane Doe #1 was scared, could not move, and felt as if she could not breathe. Jane Doe #1 feared she would "get[] hurt or something worse" might happen, "like he might go to my sister or brother and do something to them." On each occasion that defendant molested Jane Doe #1, he told her not to tell anybody about what he did and threatened to accuse Jane Doe #1 of seducing him if she did tell someone. Jane Doe #1 did not tell anyone about these incidents because she feared her father would kill defendant and go to jail.

When Jane Doe #1 was about 15 or 16 years old, she awoke to find defendant twisting her nipples. She "froze" out of fear and felt like she "couldn't move." From behind, defendant penetrated Jane Doe #1's vagina and anus with his penis. Jane Doe #1 felt pain and cried as defendant penetrated her. Defendant ejaculated on Jane Doe #1, and tried to penetrate her again in her vagina and anus. The next morning Jane Doe #1 cleaned blood and semen from herself. Jane Doe #1 did not tell her parents right away about what happened because her mother "always wanted [her] to be a virgin, . . . ."

3

## THE RECORD CONTAINS SUBSTANTIAL EVIDENCE THAT DEFENDANT RAPED AND SODOMIZED JANE DOE #1 BY MEANS OF DURESS OR FEAR OF IMMEDIATE BODILY INJURY

"The standard of appellate review for determining the sufficiency of the evidence is settled. On appeal, "'we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence – that is, evidence that is reasonable, credible, and of solid value – from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.]' [Citation.] In conducting such a review, we "'presume[] in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." [Citation.]' [Citations.]" (*People v. Lee* (2011) 51 Cal.4th 620, 632.) "In conducting this analysis, we draw all reasonable inferences necessary to support the judgment. [Citations.]" (*People v. Stitely* (2005) 35 Cal.4th 514, 543.)

As pertinent here, rape "is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another." (§ 261, subd. (a)(2).) "'[D]uress' means a direct or implied threat of force, violence, danger, or retribution sufficient to coerce a reasonable person of ordinary susceptibilities to perform an act which otherwise would not have been performed, or acquiesce in an act to which one otherwise would not have submitted. The total circumstances, including the age of the victim, and his or her relationship to the defendant, are factors to consider in appraising the existence of duress." (*Id*., subd. (b).)

"Any person who commits an act of sodomy when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and

4

unlawful bodily injury on the victim or another person shall be punished by imprisonment in the state prison for three, six, or eight years." (§ 286, subd. (c)(2).) Although section 286 does not define "duress," the trial court instructed the jury with CALCRIM No. 1030 which sets forth the elements of sodomy and incorporates the definition of "duress" from forcible rape.

The prosecution tried this case on the theory that defendant raped and sodomized Jane Doe #1 by means of duress or fear of immediate injury.[3] "'. . . [T]he reviewing court . . . looks to the circumstances of the case, including the presence of verbal or nonverbal threats, or the kind of force that might reasonably induce fear in the mind of the victim, to ascertain sufficiency of the evidence of a conviction under section 261, subdivision [(a)](2).' [Citation.]' Additionally, the complainant's conduct must be measured against the degree of force manifested or in light of whether her fears were genuine and reasonably grounded.' [Citation.] 'In some circumstances, even a complainant's unreasonable fear of immediate and unlawful bodily injury may suffice to sustain a conviction under section 261, subdivision [(a)](2), if the accused knowingly takes advantage of that fear in order to accomplish sexual intercourse.' [Citation.]" (*People v. Iniguez* (1994) 7 Cal.4th 847, 856 (*Iniguez*).)

---

[3] Although the record appears to support that theory, we need not determine whether there is substantial evidence of rape and sodomy by means of force or violence. (§§ 261, subd. (a)(2), 286, subd. (c)(2).)

"Thus, the element of fear of immediate and unlawful bodily injury has two components, one subjective and one objective. The subjective component asks whether a victim genuinely entertained a fear of immediate and unlawful bodily injury sufficient to induce her to submit to sexual intercourse against her will. In order to satisfy this component, the extent or seriousness of the injury feared is immaterial. [Citation.] [¶] In addition, the prosecution must satisfy the objective component, which asks whether the victim's fear was reasonable under the circumstances, or, if unreasonable, whether the perpetrator knew of the victim's subjective fear and took advantage of it. [Citation.] The particular means by which fear is imparted is not an element of rape. [Citation.]" (*Iniguez*, *supra*, 7 Cal.4th at pp. 856-857.)

"[T]he prosecution [is] not required to elicit from [the victim] testimony regarding what precisely she feared. 'Fear' may be inferred from the circumstances despite even superficially contrary testimony of the victim. [Citations.]" (*Iniguez*, *supra*, 7 Cal.4th at p. 857.) As our Supreme Court observed in *Iniguez*, "[a]ny man or woman awakening to find himself or herself in this situation could reasonably react with fear of immediate and unlawful bodily injury. Sudden, unconsented-to groping, disrobing, and ensuing sexual intercourse while one appears to lie sleeping is an appalling and intolerable invasion of one's personal autonomy that, in and of itself, would reasonably cause one to react with fear. [Citations.]" (*Id*. at p. 858.)

We have no difficulty in concluding there is substantial evidence that defendant raped and sodomized Jane Doe #1 through duress and fear of immediate physical harm.

Defendant entered Jane Doe #1's bedroom while she slept, pulled off her clothing, fondled her breasts, and from behind penetrated her vagina and anus against her will. As defendant assaulted her, Jane Doe #1 "froze" because she was scared, cried, and was in physical pain from the penetration. Moreover, for ten or more years before defendant continuously sexually abused Jane Doe #1. Jane Doe #1 feared that defendant would physically harm her or abuse one of her siblings, which he in fact did to Jane Doe #2. Viewing these circumstances in their totality, a reasonable jury could conclude beyond a reasonable doubt that defendant accomplished the rape and sodomy of Jane Doe #1 by duress because she reasonably feared for her own physical safety. For the same reasons, we conclude there is substantial evidence from which a jury could conclude defendant raped and sodomized Jane Doe #1 through fear of immediate physical injury.

Defendant contends *Iniguez* is distinguishable because, whereas the assailant there was a complete stranger, he is Jane Doe #1's uncle. According to defendant, Jane Doe #1 did not reasonably fear for her physical safety because she "previously engaged in sexual encounters" with him – albeit nonconsensual encounters – but he "was never violent with her" and she never "indicat[ed] to [him] that she was afraid of him." That Jane Doe #1 was continuously abused sexually by defendant before he raped and sodomized her does not diminish the terrifying nature of the sudden and unwanted assault. (*Iniguez*, *supra*, 7 Cal.4th at p. 858.) Familiarity with an assailant is no comfort to the victim. In any event, Jane Doe #1 testified that she froze in fear as defendant assaulted her and she experienced actual physical pain during the assault. (*Id*. at p. 857.)

7

Defendant also argues that Jane Doe #1 testified the reason she was afraid during the rape was because defendant threatened to accuse her of seduction if she told anyone, and because she feared her father would kill defendant and go to jail if he found out. Not so. Jane Doe #1 gave these as reasons why she did not tell anyone of the continuous sexual abuse that started when she was about 5 years old. Her testimony that she froze in fear, cried, and was in physical pain, in addition to the fact that she bled from the assault, are ample evidence of fear of physical injury. Moreover, that in closing arguments the prosecutor discussed Jane Doe #1's fear about her father killing defendant, in the context of the discussion of duress and fear for rape and sodomy, is irrelevant. The trial court properly instructed the jury that the arguments of counsel are not evidence (CALCRIM No. 222), and we must presume the jury understood and applied that instruction (*People v. Brady* (2010) 50 Cal.4th 547, 566, fn. 9).

Finally, that Jane Doe #1 never told defendant she was scared of him is irrelevant. "There is no requirement that the victim say, 'I am afraid, please stop,' when it is the defendant who has created the circumstances that have so paralyzed the victim in fear and thereby submission. [Fn. omitted.] [Citation.]" (*Iniguez, supra*, 7 Cal.4th at p. 859.) Jane Doe #1 reasonably experienced fear of physical injury as defendant raped and

sodomized her.  She was not required to verbalize that fear.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

HOLLENHORST

J.

CODRINGTON

J.